UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SHAWNTE ANNE LEVY,

    Plaintiff,

    v.

ROBERT L. GREEN, *Secretary for State of Maryland Department of Public Safety and Correctional Services*,
PAT GOINS-JOHNSON,
J. MICHAEL ZEIGLER,
RANDALL S. NERO,
CHRISTOPHER KRAFT,
KEEFE COMMISSARY NETWORK and
DOES 1-25,

    Defendants.

Civil Action No.: TDC-18-1291

**MEMORANDUM ORDER**

Plaintiff Shawnte Anne Levy, a self-represented inmate at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, has filed an Amended Complaint in this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants Robert L. Green, Pat Goins-Johnson, J. Michael Zeigler, Randall S. Nero, Christopher Kraft, Keefe Commissary Network ("KCN"), and Does 1-25 have violated her constitutional rights by failing to provide Levy, who is a transgender woman diagnosed with gender dysphoria, with medically necessary gender-affirming surgery and access to women's products through the prison commissary or otherwise. Pending before the Court is KCN's Motion to Dismiss, which Levy opposes. Also pending are Levy's two Motions for a Preliminary Injunction, ECF Nos. 73, 83; Levy's Request for Leave to Add a Defendant to the Complaint, ECF No. 86; and Levy's Motion for Summary Judgment, ECF

No. 90. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, KCN's Motion to Dismiss will be GRANTED, Levy's Motions for a Preliminary Injunction will be DENIED, and Levy's remaining Motions will be DENIED WITHOUT PREJUDICE.

I.  **Motion to Dismiss**

KCN seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it is not a state actor and thus may not be sued under 42 U.S.C. § 1983. In opposing the Motion, Levy argues that KCN's refusal to fill her commissary orders for women's personal care and clothing items violates her constitutional right to equal protection of the law.

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Section 1983 creates a cause of action against any person who, under color of state law, subjects an individual within the jurisdiction of the United States "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (2018). Thus, defendants may only be held liable under § 1983 if they were state actors.

However, KCN, a private company, is not a government agency. A private party may nevertheless be considered a state actor for purposes of a § 1983 claim under the following circumstances:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state," and § 1983 is inapplicable. *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

KCN, in its role as a provider of goods for purchase to Maryland inmates, does not engage in state action. *See Berrios v. Keefe Commissary Network, LLC*, No. TDC-17-0826, 2018 WL 1123692, at *4 (D. Md. Mar. 1, 2018); *Ryidu-X v. Md. Div. of Corr.*, No. WDQ-14-1735, 2015 WL 4095522, at *4 (D. Md. July 6, 2015) (dismissing a § 1983 claim against KCN because its contract to provide commissary items to prisoners does not render it a state actor). In carrying out its role, KCN executes neither a clear constitutional duty nor a traditionally and exclusively public function, and there is no allegation of coercion by a state actor against KCN. *See DeBauche*, 191 F.3d at 507; *Berrios*, 2018 WL 1123692, at *4. Federal courts have routinely held that a vendor selling products to prisoners does not act under color of state law. *See, e.g.*, *Bomer v. Access Catalog Co.*, 75 F. App'x 382, 383 (6th Cir. 2003). Indeed, numerous federal courts have concluded that KCN specifically, in its role as operator of prison commissaries, is not a state actor. *See Ahlgrim v. Keefe Grp., LLC*, No. 16-177 JB/GJF, 2016 WL 9819520, at *3 (D.N.M. Oct. 19, 2016) ("This Court has found no precedent . . . that holds that a private corporation acts under color of law by contracting with a state prison for the purposes of supplying commissary products to prisoners."); *Leatherwood v. Rios*, No. CIV-15-767-C, 2016 WL 7192684, at *4–5 (W.D. Okla.

3

Oct. 13, 2016) (collecting cases and holding that KCN was not a state actor subject to suit under § 1983); *Kyles v. Keefe Commissary Network*, No. 14-cv-11907, 2015 WL 1637466, at *6 (E.D. Mich. Apr. 13, 2015) (same).

Levy's argument that KCN violated her equal protection rights fails because KCN is not a state actor and therefore cannot be liable under § 1983. Accordingly, KCN's Motion to Dismiss will be granted. In reaching this conclusion, the Court does not preclude a claim against the other Defendants, who are state actors, for any role they may have played in denying Levy access to the women's clothing and personal care products she seeks.

## II.     Motions for a Preliminary Injunction

In her first Motion for a Preliminary Injunction, Levy seeks an order requiring that she be provided (1) female inmate clothing, including pink clothing that she saw another female inmate wearing; (2) female personal care items; and (3) a female commissary ordering menu. In her second Motion for a Preliminary Injunction, Levy seeks an order barring NBCI officials from engaging in a practice of having only male correctional officers interact with her, which she deems to be a form of retaliation.

To obtain a preliminary injunction, moving parties must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). A moving party must satisfy each requirement as articulated. *Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013). Because a preliminary injunction is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Levy has previously filed multiple motions for a preliminary injunction, and this Court has previously denied one such motion seeking substantially similar relief, specifically that she be reassigned to a correctional institution for women, with access to female clothing and personal care items, and that she have contact with only female correctional officers. Order at 3-4, ECF No. 28. The Court incorporates its ruling on that motion and denies the present motion for the same reasons. *See id.* In particular, the Court notes that Levy has not shown a likelihood of success on the merits of a claim that she has a constitutional right to any particular female clothing, such as the pink inmate outfit she requests, and she has not shown any likelihood of irreparable harm from the failure to receive the requested items immediately. Moreover, where Levy has not alleged a retaliation claim in her Amended Complaint, the allegations in the second Motion for a Preliminary Injunction do not demonstrate a likelihood of success on the merits. Because Levy has provided no evidence that the male correctional officers who have monitored her in the prison have engaged in any specific misconduct toward her, she has not shown a likelihood of irreparable harm arising from the presence of male correctional officers. Finally, the Court finds that, based on the limited information provided by Levy, the balance of the equities and the public interest weigh against a preliminary injunction. *See Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities."). The Motions for a Preliminary Injunction will therefore be denied.

Nevertheless, the Court notes that if, as Levy alleges, correctional officers have deliberately adopted a practice of having only male correctional officers interact with her as a form of retaliation for her filing of grievances and her claims in this case, there may be a basis to amend

the complaint once again. Accordingly, the Court will allow this issue to be a subject of the upcoming discovery.

### III. Remaining Motions

On December 6, 2021, Levy filed an "Affidavit for Request Leave to Add Defendant to Complaint," ECF No. 86, in which she requested leave to add a new defendant to the case, Dr. Getachew, a physician working at NBCI who allegedly refused to provide medical care for Levy's gender dysphoria condition during 2021. This request, which was filed after KCN had filed its Motion to Dismiss and Levy had filed her memorandum in opposition to that motion, fails because it violates the prohibition on motions to amend the complaint while there is a pending motion to dismiss to which the plaintiff has filed a brief in opposition. *See* Case Mgmt. Order ¶ IV.A.3, ECF No. 19. Moreover, over two years ago, in September 2019, when the Court granted leave for Levy to file the present Amended Complaint, it limited that pleading to the three claims asserted in the original Complaint and directed that Levy "may not introduce new claims based on different events or legal theories." Mem. Op. at 15, ECF No. 41. Where this case is now close to four years old, the addition of new claims and new defendants would significantly undermine the ability of the parties and the Court to move this case to resolution. Accordingly, the Request for Leave to Add a Defendant to the Complaint will be denied.

On January 18, 2022, Levy filed a Motion for Summary Judgment, ECF No. 90. Upon review of the Motion, the Court concludes that it is premature to consider granting summary judgment in this case. Where certain Defendants recently filed an Answer, and there remain substantial factual issues in this case, the next step in this case will be discovery, during which the factual record will be developed. Because the Court concludes that discovery is necessary before

it can consider the issue of summary judgment, the Motion for Summary Judgment will be denied without prejudice.

## IV. Appointment of Counsel

Because the Court has concluded that discovery is necessary in this case, and Levy is a prison inmate who cannot reasonably conduct discovery by herself, the Court will appoint counsel to represent Levy in this matter. *See* 28 U.S.C. § 1915(e)(1) (2018).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. KCN's Motion to Dismiss, ECF No. 68, is GRANTED.
2. Levy's Motions for a Preliminary Injunction, ECF Nos. 73, 83, are DENIED.
3. Levy's Request for Leave to Add a Defendant, ECF No. 86, is DENIED WITHOUT PREJUDICE.
4. Levy's Motion for Summary Judgment, ECF No. 90, is DENIED WITHOUT PREJUDICE.
5. The Clerk shall appoint counsel to represent Levy.
6. Upon appointment of counsel, the parties shall meet and confer and file a Joint Status Report within **30 days** after appointed counsel enters an appearance stating whether the parties request any changes to the forthcoming Scheduling Order and identifying any other issues that may require the Court's attention.

Date: February 3, 2022

THEODORE D. CHUANG
United States District Judge