## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SHAWNTE ANNE LEVY,

        Plaintiff,

    v.

ROBERT L. GREEN, et al.,

        Defendants.

Civil Action No.: TDC-18-1291

### JOINT STIPULATION AND     ORDER

Counsel for Shawnte Anne Levy ("Plaintiff") and the Maryland Department of Public Safety and Correctional Services (the "Department"), and Robert L. Green, Pat Goins-Johnson, J. Michael Zeigler, and Randall S. Nero (together, "Department Defendants") (collectively, "Parties") have met and conferred regarding the status of this case (the "Action"). The Parties stipulate as follow, and respectfully request that the Court hereby **ORDER** the following:

WHEREAS the operative pleading in this Action is Plaintiff's Amended Complaint (ECF No. 43), which the Department Defendants have answered (ECF Nos. 61, 85) and which Defendant Cristopher Kraft moved to dismiss on March 31, 2022 (ECF No. 100);

WHEREAS, on April 8, 2022, the Court appointed undersigned Plaintiff's counsel to represent Plaintiff in this Action;

WHEREAS, counsel for the Parties have met and conferred in good faith regarding the most efficient way for this Action to proceed, and believe that clarifying the scope of parties, claims, and defenses at issue in this Action is desirable without requiring a Second Amended Complaint;

1

WHEREAS the Parties enter into this Stipulation to promote the just and efficient resolution of Plaintiff's claims in this Action on their merits;

NOW THEREFORE, it is hereby STIPULATED and AGREED by and between the Parties, subject to the approval of the Court, as follows:

1. The Department and Department Defendants hereby confirm they are capable of providing all of the relief Plaintiff seeks in the Amended Complaint and through this Stipulation, should she prevail on the merits of this Action. Plaintiff need not name any additional defendants to obtain her requested relief, and neither the Department nor the Department Defendants will argue to that effect.

2. Because the Parties agree that Plaintiff need not name additional individual defendants, the Department and Department Defendants will not assert in responding to Plaintiff's discovery requests that it cannot produce non-privileged information or documents in the possession or control of the Department's officers, directors, employees, agents, and any other persons acting on the Department's behalf who Plaintiff did not name as a defendant. The Department and Department Defendants reserve the right to object to discovery requests on other grounds.

3. The Department and Department Defendants hereby consider Plaintiff's claims in this Action, as set forth in Paragraph 4 of this Stipulation, to be properly exhausted through all necessary Maryland procedures, and waive any objections to the manner or adequacy of Plaintiff's administrative exhaustion of her claims seeking injunctive relief as stated in Paragraph 4. The Department and Department Defendants also hereby waive any affirmative defense of administrative exhaustion or procedural default, under the Prison Litigation Reform Act ("PLRA") or otherwise, as to the claims in this Action seeking injunctive relief as stated in Paragraph 4. The

2

Department and Department Defendants expressly reserve all exhaustion or procedural defenses to all others claims not asserted in this Action, including claims against any unnamed defendants, under any other legal theories, or seeking any other forms of relief.

4. In reliance on Paragraphs 1 through 3, Plaintiff agrees to limit her claims in this Action against the Department Defendants to seek injunctive relief under three causes of action, and will seek that the Court enter appropriate injunctive relief, including permanent injunctive relief against the Department Defendants, on the following claims:

I.      Violation of 42 U.S.C. § 1983 based on Defendants' past and continuing failure to provide medical treatment, including sex-reassignment surgery, in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution;

II.     Violation of 42 U.S.C. § 1983 based on Defendants' past and continuing failure to transfer Plaintiff to a female facility, in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution;

III.    Violation of 42 U.S.C. § 1983 based on Defendants' past and continuing failure to provide Plaintiff with female commissary items and clothing to which she is entitled, in violation of the Fourteenth Amendment to the U.S. Constitution.

In connection with these claims, Plaintiff seeks injunctive relief, including permanent injunctive relief, requiring Defendants to provide Plaintiff with adequate medical care, including sex-reassignment surgery and/or other appropriate treatments; requiring Defendants to provide access to appropriate specialists; enjoining Defendants from interfering with Plaintiffs' treatment; enjoining Defendants from enforcing policies regarding treatment (including, but not limiting to,

OPS131.0001) to the extent they violate the Constitution on their face or as applied; requiring Defendants to transfer Plaintiff to a female facility; requiring Defendants to provide Plaintiff to equal access to female clothing, cosmetics, hygiene items, and other commissary items available to female inmates in female institutions; and such other relief as the court finds necessary or appropriate in the interests of justice.

Defendants oppose Plaintiff's request for injunctive relief as to all of the elements that were raised in the above paragraph.

5. In reliance on Paragraphs 1 through 3, Plaintiff agrees not to amend her Amended Complaint in this Action to seek monetary relief or fees under 42 U.S.C. § 1983 against the Department Defendants or other employees of the Department, nor to incorporate any other legal claims or causes of action in this Action against the Department Defendants or other employees of the Department. The foregoing agreement does not include any agreement by Plaintiff to limit any potential amendment, claims, or relief in this Action against Defendant Christopher Kraft, who is not a party to this Stipulation. The factual allegations, legal conclusion, and prayer for relief in the Amended Complaint are incorporated by reference in support of the claims and injunctive relief sought in Paragraph 2.

6. Plaintiff will not be prejudiced in any way for failing to include particular language in the factual allegations, legal conclusions, and prayer for relief found in the Amended Complaint. The Parties agree that Department Defendants' Answers to the Amended Complaint remain effective, except as to their assertion of any exhaustion or procedural-default defenses concerning the claims for injunctive relief as stated in Paragraph 4, which they expressly waive as set forth in Paragraph 3. To the extent there are any new facts or claims incorporated into this Stipulation, Department Defendants deny those allegations and dispute those claims.

4

Dated: June 3, 2022

Respectfully submitted,

/s/ *Damon A. Pace*
Damon A. Pace
Assistant Attorney General

200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6587
dpace@oag.state.md.us

/s/ *Edward J. Bennett*
Edward J. Bennett
Michael J. Mestitz
  (*pro hac vice* pending)
Madison Needham
  (*pro hac vice* pending)

WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024

*Counsel for The Maryland Department of*
*Public Safety and Correctional Services*

*Counsel for Shawnte Ann Levy*

**SO ORDERED on** 6/7/22

_____
Judge Theodore D. Chuang
U.S. District Judge for the District of Maryland