UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAWNTE ANNE LEVY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. TDC-18-1291 |
| | : | |
| ROBERT L. GREEN, et al. | : | |
| | : | |
| Defendants | : | |

### DEFENDANT CHRIS KRAFT, PH.D.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

THE DEFENDANT, Chris Kraft, Ph.D., through counsel, hereby files this Reply Memorandum in further support of his Motion to Dismiss the Amended Complaint filed by for failure to state a claim upon which relief can be granted.

**a.** ***De'lonta*** **is readily distinguishable from the facts of this case and is inapposite to Plaintiff's Eight Amendment deliberate indifference claims against this Defendant.**

The principal argument advanced in Plaintiff's Opposition to the Motion to Dismiss suffers from the same analytical gap as the First Amended Complaint—namely, the conclusory assumption that sex reassignment surgery ("SRS") is medically necessary and therefore constitutionally required treatment for Plaintiff.

Plaintiff's Opposition's relies primarily on *De'lonta v. Johnson,* 708 F.3d 520 (4th Cir. 2013). Plaintiff's reliance on *De'lonta* is misplaced because it erroneously presumes that Plaintiff has been denied evaluation for SRS despite undisputed facts to the contrary in her medical records and the record of this case—indeed, even facts set forth in her Amended Complaint and

Opposition.[1]

Preliminarily, and contrary to the suggestion in Plaintiff's Opposition, *De'lonta* did not establish a gender dysphoria-specific standard for Section 1983 deliberate indifference claims. Rather, the *De'lonta* court merely applied the well-established two-prong test—objective and subjective—outlined by the Supreme Court in *Estelle v. Gamble* to the very particular facts of the case.

Those particular facts make *De'lonta* readily distinguishable from this case. In *De'lonta*, the plaintiff had "never been evaluated by a GID specialist concerning her need for sex reassignment surgery" despite the undisputed fact that the VDOC "consult[ed] with an outside Gender Identity Specialist regarding De'lonta's care[.]" *Id.* at 523. Indeed, the *De'lonta* court explained that

> the "essential test is one of medical necessity and not simply that which may be considered desirable[.]" In this vein, Appellees and the district court take pains to point out that, absent a doctor's recommendation, De'lonta cannot show a demonstrable need for sex reassignment surgery. However, we struggle to discern how De'lonta could have possibly satisfied that condition <u>when, as she alleges, Appellees have never allowed her to be evaluated by a GID specialist in the first place</u>.

708 F.3d at 526 n. 4 (emphasis supplied)(internal citation omitted).

The allegations in Plaintiff's Amended Complaint in this case are fundamentally distinct from the allegations held sufficient in *De'lonta*. As reformulated by the Fourth Circuit, De'lonta sufficiently alleged that, "despite her repeated complaints to [VDOC officials] alerting them to the persistence of her symptoms and the inefficacy of her existing treatment, <u>she [had] never been evaluated concerning her suitability for surgery</u>." *Id.* at 525.

---

[1] All materials cited in this Defendant's Motion to Dismiss are part of the record in this case and are either exhibits to Plaintiff's original Complaint or Amended Complaint or have already been considered by the Court in adjudicating prior dispositive motions.

Moreover, De'lonta alleged that the VDOC officials had "knowledge that De'lonta's therapy sessions with Psychologist Lang actually *provoked* her 'overwhelming' urges to self-castrate" but that, despite this knowledge, "[the defendant Virginia Department of Corrections]'s medical staff's only response to De'lonta's requests for surgery was a 'request that you continue to work with Ms. Lang in individual therapy at this time.'" *Id*. (italics in original, underline supplied).  The *De'lonta* court specified that "these factual allegations, taken as true, state a plausible claim that [VDOC officials] actually knew of and disregarded De'lonta's serious medical need in contravention of the Eighth Amendment." *Id.* (internal citations and quotes omitted) (cleaned up).

Finally, the *De'lonta* court took pains to clearly demarcate the limited reach of their holding:

> We wish to be clear about our holding. We hold only that De'lonta's Eighth Amendment claim is sufficiently plausible to survive screening pursuant to 28 U.S.C. § 1915A. We do not decide today the merits of De'lonta's claim. Nor, for that matter, do we mean to suggest what remedy De'lonta would be entitled to should she prevail. In our view, the answers to those questions have no bearing on whether De'lonta has stated a claim that Appellees have been deliberately indifferent to her serious medical need by refusing to evaluate her for surgery, consistent with the Standards of Care.

*Id.* at 527 (emphasis supplied).

Unlike De'lonta, Plaintiff has been evaluated as a potential candidate for SRS. As the Amended Complaint makes clear, the relief sought by Plaintiff is not to be evaluated for SRS, but to actually undergo SRS. Indeed, in granting Plaintiff leave to amend her original Complaint, the Court specifically limited Plaintiff's claims with respect to her medical treatment to "the failure to provide sex reassignment surgery." *See* Mem. Op. dated Sept. 23. 2019, ECF 41 at p. 15 (emphasis supplied).

Stated differently, Plaintiff's claims arise solely from Plaintiff's disagreement with the

decision of the Regional Gender Dysphoria Committee ("RGDC") not to recommend SRS for Plaintiff. In order to adequately plead an Eight Amendment deliberate indifference claim arising from the RGDC's recommendation against SRS, the Plaintiff must allege facts capable of establishing that the recommendation amounted to deliberate indifference to a serious medical need. *See Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019).

Importantly, the relief which Plaintiff seeks is not just treatment for her gender dysphoria; it is undisputed that Plaintiff has been receiving extensive treatment for gender dysphoria. Rather, the relief which Plaintiff seeks is one specific form of treatment: surgery. Within this specific context, the Plaintiff must allege facts sufficient to establish (1) that SRS is medically necessary for her <u>and</u> (2) that her current gender dysphoria treatment regimen without SRS is so grossly inadequate so that its continuation represents a knowing and subjectively reckless disregard for an excessive risk to Plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff has failed to plead any facts capable of satisfying the requisite factual foundation for her claims of deliberate indifference. Consequently, Plaintiff deliberate indifference claims against this Defendant should be dismissed.

**b. Plaintiff's Amended Complaint failed to allege a claim against this Defendant for failure to transfer.**

A plain reading of the Amended Complaint makes it clear that Plaintiff did not assert a claim against this Defendant for violations of constitutional rights stemming from alleged failure to transfer Plaintiff to a female correctional facility.

First, a claim for relief based on an alleged failure to transfer or the basis therefor is not set out as a specific count. *See generally* Pl's Am. Compl. This clear omission, in contrast with Plaintiff's clearly delineated Counts setting forth Eighth and Fourteenth Amendment claims,

shows that Plaintiff did not adequately put this Defendant on notice of such a claim for alleged failure to transfer.

Second, the Amended Complaint's cursory allusion to an alleged denial of transfer does not provide any facts capable of establishing an infringement of constitutionally protected rights related to such alleged denials. *See* Pl's Am. Compl. at ¶ 17 ("MHM Counsellor Bruce Liller informed Plaintiff Ms. Levy that she is not being transfer to women prison (MCI-W) . . . That is discriminatory of the basis sex"). Even in the light most favorable to the Plaintiff, this passing reference in the Complaint is no more than an "unadorned, the-defendant-unlawfully-harmed-me accusation [and] formulaic recitation of the elements of a cause of action" insufficient to entitle Plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Third, despite containing five (5) separate paragraphs, the Amended Complaint's Prayer for Relief does not mention transfer to a female correctional facility or otherwise request relief which would objectively put this Defendant on notice of such a claim for relief.

Fourth, the Amended Complaint does not include any allegations that this Defendant was involved in or had authority to determine Plaintiff's housing assignment or that this Defendant otherwise acted in such a way with respect to Plaintiff's housing assignment to constitute a cognizable claim against this Defendant for violations of a constitutional right.

Otherwise, Plaintiff's Opposition attempts to re-write the Amended Complaint by offering an equal protection analysis that is wholly disconnected from the factual allegations in the Complaint related to this Defendant. Where facts fail, the analysis engages in rank speculation. Pl's Opp., ECF 115 at p. 19 ("The officials stated that unspecified others—<u>including, possibly, Kraft</u>—were 'fearful of taking a chance' on transferring Levy to another facility where women were housed.") (emphasis supplied). In any event, this analysis is wholly divergent from the facts

and claims actually asserted in the Amended Complaint, in which the only equal protection claim relates to the alleged failure to provide Plaintiff with SRS (Count Two).

Plaintiff's Amended Complaint fails to allege any facts capable of establishing a claim for failure to transfer against this Defendant. Consequently, to the extent that such a claim is now being asserted by Plaintiff, said claim should be dismissed.

Dated: July 11, 2022

Respectfully Submitted,

ARMSTRONG, DONOHUE, CEPPOS,
VAUGHAN & RHOADES, CHARTERED

*/s/ German A. Rodriguez, Esquire*
Benjamin S. Vaughan, Esquire # 02951
Andrew J. Marter, Esquire, #13039
German A. Rodriguez, Esquire #19006
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440 tel
(301) 279-5929 fax
bvaughan@adclawfirm.com
amarter@adclawfirm.com
grodriguez@adclawfirm.com
*Attorneys for Defendant, Chris Kraft, Ph.D.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 11, 2022, Defendant Chris Kraft, Ph.D.'s Reply in Support of his Motion to Dismiss was electronically filed with the Clerk of the Court and served upon all counsel of record via CM/ECF.

*/s/ German A. Rodriguez, Esquire*
German A. Rodriguez, Esquire #19006