IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAWNTE ANNE LEVY, #416-369 | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TDC-18-1291 |
| DAYENA CORCORAN, *Commissioner, et al.,* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### <u>STIPULATED PROTECTIVE ORDER</u>

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through their undersigned counsel and subject to the approval of the Court, that in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded to all material so entitled, the following terms and conditions (the "Protective Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and any other information or material produced, given, or exchanged by and among the parties to this litigation in connection with discovery in the above-captioned action (the "Litigation") (such information or material hereinafter referred to as "Discovery Material").

1.  Any party who provides or has provided Discovery Material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Order and Fed. R. Civ. P. 26(c), if such

party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary, commercially or personally sensitive, or security-related information that requires the protections provided in this Order ("Confidential Discovery Material"). Confidential Discovery Material may also include compilations of categories of documents that, as a group, a party designates as requiring the protections provided in this Order, even if taken individually, each document within that compilation may not require confidential treatment; provided, however, that a receiving party may request in good faith that a designating party waive the designation as to a particular document within that compilation so that a filing need not be made under seal, and any dispute about such request shall be governed by Paragraph 17 below.  The designation by any Producing Party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by or under the direction of an attorney for the designating party and that there is a reasonable, good-faith belief that such designation is valid.

2. Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any other litigation.

3. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any party to this Litigation or Producing Party.

(a) In the case of documents or other materials (apart from depositions or other pretrial testimony), or any parts thereof: by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material unless otherwise indicated by the Producing Party; *provided* that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order (as provided in Paragraph 14).

(b) In the case of depositions or other pretrial testimony, or any parts thereof: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties within fourteen (14) business day after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. All depositions and other pretrial testimony shall be deemed to be "Confidential" for a period of fourteen (14) business days after receipt of the transcript of the deposition, after which time such depositions or pretrial testimony shall be treated in accordance with its designation, if any. Only those portions of the transcript designated as

"Confidential" shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Counsel may challenge the confidential designation of any information in a deposition transcript in the manner provided by Paragraph 17 of this Order.

(c) If testimony during a deposition is designated on the record as being "Confidential" pursuant to this Order, no one shall be present for that portion of the deposition testimony containing Confidential Discovery Material, except the deponent, counsel representing the parties and the deponent, the court reporter and/or videographer, and any other person otherwise permitted to access such material pursuant to Paragraph 5 of this Order.

(d) Certain documents may contain information that is so sensitive that it should not be disclosed to any person other than counsel for the parties, and in particular should not be disclosed to the parties themselves. Such information shall be produced on a "Confidential—Attorneys' Eyes Only" basis. To the extent the non-Producing Party disagrees with any such designation, it shall be entitled to challenge such a designation by motion to the Court, and the Producing Party shall have the burden of establishing that a legitimate security interest warrants this level of confidentiality. Except as otherwise provided in this Order, information designated "Confidential—Attorneys' Eyes Only" shall <u>not</u> be shown to the Parties.

4.     All copies of any documents containing Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material shall constitute and be treated as Confidential as provided in this Order. Any person making, or causing to be made, copies of any such Discovery Material shall make certain that each such copy bears the appropriate stamp pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the parties by which documents or other materials may be copied by the Producing Party.

5.     Discovery Material designated "Confidential" (but not "Confidential—Attorneys' Eyes Only") may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     Subject to Paragraph 7, the parties;

(b)     Counsel for any party in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this Litigation for use in accordance with this Order;

(c)     Subject to Paragraph 7, retained experts or retained consultants assisting counsel in this Litigation and their employees and clerical assistants;

(d)     Subject to Paragraph 7, witnesses or deponents and their counsel;

(e)     Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(f) Subject to Paragraph 7, any other person upon order of the Court or stipulation of undersigned counsel;

(g) The Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers.

6. Discovery Material designated "Confidential—Attorneys' Eyes Only" may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Counsel for any party in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this Litigation for use in accordance with this Order;

(b) Subject to Paragraph 7, retained experts or retained consultants assisting counsel in this Litigation and their employees and clerical assistants;

(c) Subject to Paragraph 7, and with prior permission of the Producing Party, witnesses or deponents and their counsel;

(d) The Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers.

7. Before Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material is disclosed to any person under Paragraphs 5 or 6, each such person will execute a copy of the form attached as Exhibit A agreeing to be bound by the terms and conditions of this Order. However, if a witness is to be shown such Discovery Material for

the first time at a deposition or hearing, the requirements of this paragraph will be satisfied for purposes of that deposition or hearing if that witness is informed of the Confidential Order and its terms.

8. Counsel for the party providing Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material to any person required to execute a copy of the form attached as Exhibit A pursuant to Paragraph 7 shall be responsible for obtaining such signed undertaking and retaining the original executed copy thereof. Upon reasonable request by the Producing Party, counsel for the receiving party shall provide a copy of that signed undertaking.

9. If any party intends to file Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material with the Court, any such Discovery Material must be filed with the Court under seal or in redacted form pursuant to the procedures set forth in Local Civil Rule 105.11 or as otherwise directed by the Court. The party filing Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material must simultaneously submit a motion and accompanying order pursuant to Local Civil Rule 105.11. All such Discovery Material shall not become part of the public record, but shall be part of the record considered by the Court on the issue or issues to which they may be relevant. Any filing with the Court containing Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material shall not be filed electronically. Instead, the filing party shall file a notice of service containing the title of the document that has been filed under seal and the notice of service shall indicate that the document was filed under seal pursuant to this

Order. In the event that any Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material is used in any proceedings by this Court, it shall nonetheless retain its status as Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material.

10. Prior to any dispositive motion hearings and/or trial in this Litigation, counsel for the Parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material proposed to be used at such hearing or trial. Ultimately, the determination of treatment of such Discovery Material at such hearing or trial will be determined by the Court.

11. Entering into, agreeing to, and/or producing or receiving Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material or otherwise complying with the terms of this Order shall not:

(a) Constitute an admission or adjudication that any document designated Confidential contains or reflects security information or is otherwise private, confidential, or other information warranting protection;

(b) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery due to an assertion that the requested discovery material is privileged or subject to protection as trial-preparation material, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material;

(c) Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

(d) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(e) Prejudice in any way the rights of any party to seek further protection or a determination by the Court whether any Discovery Material designated as Confidential should be subject to the terms of this Order; or

(f) Shift the burden of establishing that Discovery Material is Confidential from the Producing Party.

12. Information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may not be disclosed to any party, but shall otherwise be treated in the manner as documents designated as "Confidential."

13. This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material for any purpose. With respect to any document that has been produced in this Litigation and designated as Confidential, should any party claim to have received the document from another source without any restriction of confidentiality and seek to be relieved of the confidentiality restrictions of this Order with respect to that document, the party shall first seek the consent of the other parties. If the parties cannot agree as to whether the document(s) should be excluded from this Order, the parties shall submit the matter to the

Court for resolution. Such motion shall be filed under seal, pursuant to Local Civil Rule 105.11.

14. The parties agree to be bound by the terms of this Order pending the entry by the Court of this Order.

15. The attorneys of record shall take reasonable measures to prevent the unauthorized disclosure or use of Confidential Discovery Material and Confidential—Attorneys' Eyes Only Material and are responsible for employing reasonable measures to control, consistent with the terms of this Order, the duplication of, access to, and distribution of, Confidential Discovery Material and Confidential—Attorneys' Eyes Only Material.

16. Notwithstanding the foregoing, any party may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" the following:

(a) personal identifying information, including, but not limited to, home addresses, dates of birth, and social security numbers;

(b) those portions of any Use of Force Manual, Use of Force Directive, or other directives, policies or procedures, where the disclosure of which would result in an immediate, identifiable security risk; and

(c) information regarding the designation or placement of video cameras at North Branch Correctional Institution where the disclosure of such information would result in an immediate, identifiable security risk.

Information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may not be disclosed to any party, but shall otherwise be treated in the same manner as documents designated as "Confidential."

17. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including, without limitation, any appeals therefrom. Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material shall either make a good faith and commercially reasonable effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or to destroy all such Confidential Discovery Material and Confidential—Attorneys' Eyes Only Material and confirm that fact to counsel for the Producing Party. Outside counsel for the parties shall be entitled to retain court papers, depositions, trial transcripts, and attorney work product, provided, however, that all such documents and information shall remain subject to this Protective Order to the extent they include Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material. Any Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material filed with the Court in connection with this

Litigation may be returned at the filing party's request, or destroyed by the Clerk, pursuant to Local Civil Rule 113.3.

18.     During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material or the application of any provision of this Order may, after first making a good faith effort to resolve any such objection, move promptly for an order vacating the designation or the application of said provision. Such motion shall be filed under seal pursuant to Local Civil Rule 105.11. While such an application is pending (and during any appeal therefrom), the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material pursuant to this Order. The burden of establishing confidentiality is on the Producing Party.

19.     If any person receiving Discovery Material covered by this Order (the "Receiver") is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (all, collectively, a "Demand"), and such Demand seeks Discovery Material which was produced or designated as Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material by someone other than the Receiver, the Receiver shall (except as provided by law) give prompt written notice by hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the Producing Party. The Receiver shall not produce any of the Producing Party's Confidential Discovery Material or

Confidential—Attorneys' Eyes Only Material, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party. If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Receiver that the Producing Party opposes production of its Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material, the Receiver shall object to the subpoena or other demand, citing this Order, and thereafter, the Producing Party shall bear the burden of opposing the production of such documents, if the Producing Party deems such opposition appropriate. If, however, the return date of any such demand is less than ten (10) business days from the date the demand was received, written notice of the intent to disclose shall be given to the Producing Party—by facsimile, telephone, and e-mail—to its counsel within 48 hours after receipt. The Receiver shall reasonably cooperate with the Producing Party and not thereafter produce such Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material, except as provided or required by law or pursuant to a Court order requiring compliance with the subpoena, demand, or other legal process. Nothing contained herein shall be construed as requiring any party or non-party to challenge or appeal any order requiring the production of Confidential Discovery Material or Confidential—Attorneys' Eyes Only Material, or to subject itself to any penalties stemming from noncompliance with a legal process or order, or to seek any relief from this Court.

20. Due to the existence of electronic and hard copy data in the possession, custody, or control of the parties and the numerous concerns regarding attorney-client

privilege and work product protection, the parties agree to this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of this provision. This Clawback Provision shall be governed by Federal Rule of Evidence 502(d).

21. Nothing in this Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

22. The rights and obligations contained herein shall survive the conclusion of the Litigation and shall survive the return and/or destruction of all Confidential Discovery Material and Confidential—Attorneys' Eyes Only Material.

23. This Order may be executed by facsimile or electronic signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute one agreement.

**SO STIPULATED:**

Dated:  January 11, 2023

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

_____/s/_____
DAMON A. PACE
Assistant Attorney General
Federal Bar No. 29939
Saint Paul Plaza - 19th Floor
200 St. Paul Place
Baltimore, Maryland 21202
(410) 576-6587 (Telephone)
(410) 576-6880 (Telefax)
E-mail: dpace@oag.state.md.us

_____/s/_____
Edward J Bennett
Michael J. Mestitz (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024
(202) 434-5000
mmestitz@wc.com
*Attorneys for Plaintiff Shawnte Levy*

_____/s/_____
German A. Rodriguez
ARMSTRONG, DONOHUE, CEPPOS,
VAUGHAN & RHODES
204 Monroe Street

Suite 101
Rockville, MD  20850
(301) 364-5444
grodriguez@adclawfirm.com

*Attorney for Defendant Christopher Kraft*

**Pursuant to stipulation, IT IS SO ORDERED.**

Dated:_____  _____
                                Theodore D. Chuang
                                United States District Judge